UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD A. HAARSMA,

        Plaintiff,                        Case No. 24-cv-1494-pp

v.

TIMOTHY ROBINS,

        Defendant.

---

## JOINT RULE 26 REPORT

---

Please take note that, pursuant to the Court's April 22, 2025 Order (ECF No. 17), undersigned counsel for Plaintiff Ronald A. Haarsma and Defendant Timothy Robins did confer and discuss the following: (i) the nature and basis of their claims and defenses, (ii) the initial disclosures required by Fed. R. Civ. P. 26(a)(1); (iii) issues regarding the preservation of discoverable information; and (iv) a plan for discovery. To that end and as required by Fed. R. Civ. P. 26(f) and Civil L.R. 26(a), Counsel did develop and agree upon the following discovery plan.

**I.** **Discovery Plan.**

    **A. Changes to the timing, form or requirement for disclosures under Rule 26(a), including when initial disclosures were made or will be made.**

The parties agree that no changes to the form or requirements for disclosure under Rule 26(a) will be made. Initial disclosures will be exchanged on or before July 15, 2025.

**B. Subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to particular issues.**

The parties agree to conduct discovery concerning liability and damages arising out of Plaintiff's claims and Defendant's defenses to those claims. Discovery will not be conducted in phases.

**C. Any issues concerning the disclosure, discovery or preservation of electronically stored information ("ESI"), including the form in which it should be produced.**

Plaintiff will be seeking discovery of Defendant's text messages, including but not limited to WhatsApp messages, and may also request an imaging of Defendant's cell phone to ensure the complete collection of relevant communications sent and received via an instant messaging app or text messaging app, which may lead to discovery issues regarding the collection of ESI and form of production of ESI. The parties agree that there should be some form of ESI protocol to address these and other potential ESI issues.

**D. Any issues about claims of privilege or of protection as trial-preparation materials – including the procedure to assert these claims after production – and whether to ask the court to include the agreement in an order.**

The parties do not anticipate any unusual issues regarding claimed privileges or the protection of trial preparation materials. Pursuant to standard civil litigation practice, the parties may, in good faith, object to the production or introduction of information or materials that are protected from discovery by applicable privileges or rules concerning trial-preparation materials.

**E. What changes should be made in the limitations on discovery imposed by federal or local rules, and what other limitations should be imposed.**

The parties agree to abide by the limitations on discovery imposed by the federal and local rules, and they do not seek other limitations.

## II. Additional Items Ordered by the Court.

In addition, pursuant to the Court's April 22, 2025 Order (ECF No. 17), the undersigned counsel did confer and discuss the following:

### A. A brief statement of the nature of the case, including any disputed facts or points of law.

<u>Plaintiff's Brief Statement of the Case</u>:

Plaintiff asserts that Defendant, doing business as ChampionshipRings.net, fraudulently misrepresented the authenticity and provenance of goods he sold or attempted to sell to Plaintiff, including but not limited to a 2016 Chicago Cubs World Series Championship Ring featuring 2016 World Series MVP Ben Zobrist's name that Defendant sold to Plaintiff in December 2019. With respect to the Cubs ring, Plaintiff alleges that Defendant knew that the ring did not belong to World Series MVP Ben Zobrist and that the ring was, in fact, stolen from the ring's maker, Jostens Inc. ("Jostens"). Prior to selling the ring to Plaintiff, Defendant purchased the Cubs ring from a known convicted felon with whom Plaintiff had been purchasing goods from for years. Defendant then fraudulently induced Plaintiff to believe that the Cubs ring was an authentic championship ring and that Defendant had good marketable title to the Cubs ring. Plaintiff further alleges that upon receipt of a lawsuit filed by Jostens to recover the stolen ring, Defendant's outright lies in assuring Plaintiff of the ring's authenticity from 2023-2024, including in a sworn declaration wherein Defendant altered bank records, led Plaintiff to spend thousands in avoidable legal costs and fees defending against Jostens' claim to the stolen Cubs ring.

Plaintiff further alleges that the unaltered material provided by Defendant in the Jostens litigation demonstrates that Defendant purchased other rings from the same convicted felon from whom he purchased the Cubs ring that he then sold or attempted to sell to Plaintiff, including a 1972 Miami Dolphins Super Bowl Ring and a Denver Broncos Super Bowl 50 Champions Ring.

Indeed, according to Jostens, the Broncos ring and the Cubs ring were stolen as part of the same heist.

Accordingly, Plaintiff's claims include fraud in the inducement, misrepresentation, breach of contract, civil theft, conversion, unjust enrichment, and related claims arising from Defendant's sale or attempted sale of stolen goods, or goods without marketable title, to Plaintiff, for which Plaintiff seeks monetary damages.

Defendant's Brief Statement of the Case:

Defendant denies that he defrauded Plaintiff or that he was guilty of any count in the complaint, most of which sound in misrepresentation, fraud, contract, or quasi contract. Plaintiff wrongly claims that he was taken advantage of by Defendant. Defendant expects to show that Plaintiff is a sophisticated purchaser of the goods in question (championship rings) that Plaintiff offered or sold and that the parties had a long history of dealing with each other. Moreover, Plaintiff never fully paid for certain products or goods that he purchased from Defendant. Defendant has asserted several defenses listed in the Answer at pages 18-20. Plaintiff is not entitled to actual or punitive damages. Defendant also expects that the issues were litigated in a previous case involving different parties and the Plaintiff should have been added as a party to that litigation.

**B. Whether there are any jurisdictional issues or issues regarding venue or service.**

None.

**C. Whether there are any related cases or proceedings in this district or before any other court or administrative body.**

Jostens previously sued Plaintiff to recover the stolen Cubs ring and Plaintiff vigorously defended himself against Jostens' claims for more than two years based on Defendant's repeated fraudulent assurances of the ring's authenticity. Upon Defendant's admission under oath during his deposition on May 10, 2024 that he had lied or – at the very least – had deliberately

misrepresented to Plaintiff the truth about the Cubs ring's authenticity, Plaintiff reached a confidential settlement with Jostens to resolve the case. That case has settled to the satisfaction of both parties and the Cubs ring has been returned to Jostens. The case is *Jostens Inc. v. Haarsma et al.*, Case No. 3:22-cv-00796-X (N.D. Tex.).

### D. Whether the parties are interested in or have discussed alternative dispute resolution.

The parties are interested in discussing ADR, but agree that some written discovery should be exchanged before holding the mediation. The parties are amenable to having a magistrate judge assigned as mediator and expect that they will be ready to participate in a mediation sometime in August 2025.

### E. The nature of the discovery each party contemplates, the amount of time the parties believe they need to complete that discovery and what discovery the parties would need to meaningfully participate in alternative dispute resolution.

The parties will conduct written discovery (requests for admission, interrogatories, requests for documents) and will take depositions. Plaintiff anticipates retaining an expert to opine on the rings' valuation and, correspondingly, Plaintiff's damages. Defendants too will retain expert(s) on damages, course of conduct, matters related to the lawsuit and otherwise. The parties agree that all discovery will be completed on or before April 30, 2026.

### F. The parties propose the following deadlines:

- **Amendment of pleadings without leave of court**: September 26, 2025
- **Joinder of Parties**: September 26, 2025
- **Expert Reports/Disclosures**: January 30, 2026
- **Expert Rebuttal Reports/Disclosures**: March 31, 2026
- **Close of Fact and Expert Discovery**: April 30, 2026
- **Dispositive and/or *Daubert* Motions**: May 31, 2026

### G. The estimated length of trial.

The parties anticipate that the trial of this matter will take 3 to 5 days.

**H. Whether any party is requesting a jury trial.**

Plaintiff is seeking a trial by jury on all claims.

**I. A statement of any other issues that might impact trial scheduling.**

None.

**J. A statement attesting to the fact that the parties have discussed each of the above issues.**

Each of the undersigned does hereby attest that, on May 30, 2025, they did confer with the other signatories to this document and did discuss each of the matters set forth above.

Dated this 2nd day of July, 2025.

REINHART BOERNER VAN DEUREN S.C.
Attorneys for Plaintiff

By /s/ *James N. Law*
   James N. Law (SBN 1088047)
   Mary Margaret Evans (SBN 1130108)

1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Phone: (414) 298-1000
Fax: (414) 298-8097
jlaw@reinhartlaw.com
mevans@reinhartlaw.com


Dated this 2nd day of July, 2025.

LEVINE LAW, LLC
Attorneys for Defendant

By /s/ *Jonathan J. Cattey*
   Jonathan J. Cattey (SBN 1079322)

630 N. Broadway
Milwaukee, WI 53202
Phone: (414) 271-9585
Fax: (414) 271-8506
jcattey@rlevinelaw.com

53994126

6

Case 2:24-cv-01494-PP    Filed 07/02/25    Page 6 of 6    Document 18